United States District Court
Southern District of Texas
**ENTERED**
March 23, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Francisco Aranda Mercado | § | |
| | § | |
| | § | |
| | § | |
| *versus* | § | Civil Action 4:21−cv−00738 |
| | § | |
| | § | |
| The Lincoln National Life Ins Co | § | |
| | § | |

# INITIAL DISCOVERY PROTOCOLS FOR EMPLOYMENT CASES ALLEGING ADVERSE ACTIONS

Revised March 2019

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Francisco Aranda Mercado | § | |
| | § | |
| *versus* | § | Civil Action 4:21−cv−00738 |
| | § | |
| The Lincoln National Life Ins Co | § | |

**ORDER FOR CERTAIN EMPLOYMENT CASES**

This court is requiring **INITIAL DISCOVERY PROTOCOLS FOR EMPLOYMENT CASES ALLEGING ADVERSE ACTION**. The Initial Discovery Protocols will apply to all employment cases filed in this court that challenge one or more actions alleged to be adverse, except:

1. class actions; and
2. cases in which the allegations involve only:
   a. violations of wage and hour laws under the Fair Labor Standards Act (FLSA); or
   b. violations of the Employee Retirement Income Security Act (ERISA).

The parties and counsel must comply with the Initial Discovery Protocols attached to this order. If any party believes that there is good cause why this case should be exempted from the Initial Discovery Protocols, in whole or in part, that party may raise the issue with the court.

Within 30 days after the defendant's submission of a responsive pleading or motion, the parties must provide to one another the documents and information described in the Initial Discovery Protocols for the relevant time period. This obligation supersedes the parties' obligations to provide initial disclosures under F.R.C.P. 26(a)(l). The parties will use the documents and information exchanged in accordance with the Initial Discovery Protocols to prepare the F.R.C.P. 26(f) discovery plan.

The discovery provided under the Initial Discovery Protocols must comply with the F.R.C.P. obligations to certify and supplement discovery responses, as well as the form of production standards for documents and electronically stored information. As set forth in the Protocols, this Initial Discovery is not subject to objection except on the grounds set forth in F.R.C.P. 26(b)(2)(B).

If any of the parties think that a protective order should be entered, the part[y/ies] seeking the order should request an order from the court as soon as possible, but no later than 15 days after the defendant's submission of a responsive pleading or motion. A model

protective order is attached to this order and contains possible provisions that the court might use in a particular case. If the parties seek a protective order, the part[y/ies] seeking the order are encouraged to submit a proposed order that selects provisions the part[y/ies] believe[s] are appropriate.

Signed on March 23, 2021, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge

# INITIAL DISCOVERY PROTOCOLS FOR EMPLOYMENT CASES ALLEGING ADVERSE ACTION

## PART 1: INTRODUCTION AND DEFINITIONS

**(1) Statement of purpose.**

a. The Initial Discovery Protocols for Employment Cases Alleging Adverse Action is designed to be implemented by individual judges throughout the United States District Courts.

b. In this court, the Initial Discovery Protocols will be implemented by standing order and will apply to all employment cases that challenge one or more actions alleged to be adverse, except:

   i. class actions; or

   ii. cases in which the allegations involve only:

      a. violations of wage and hour laws under the Fair Labor Standards Act (FLSA); or

      b. violations of the Employee Retirement Income Security Act (ERISA).

   If any party believes that there is good cause why a particular case should be exempted, in whole or in part, from the Protocols, that party may raise the reasons with the court.

c. The Initial Discovery Protocols are not intended to preclude or to modify the rights of any party for discovery as provided by the Federal Rules of Civil Procedure (F.R.C.P.) and other applicable local rules, but they are intended to supersede the parties' obligations to make initial disclosures pursuant to F.R.C.P.26(a)(1). The purpose is to encourage parties and their counsel to exchange the most relevant information and documents early in the case, to assist in framing the issues to be resolved and to plan for more efficient and targeted discovery.

d. The Initial Discovery Protocols were prepared by a group of highly experienced attorneys from across the country who regularly represent plaintiffs and/or defendants in employment matters. The information and documents identified are those most likely to be requested automatically by experienced counsel in any similar case. They are unlike initial disclosures pursuant to F.R.C.P. 26(a)(1) because they focus on the type of information most likely to be useful in narrowing the issues for employment discrimination cases.

**(2) Definitions.** The following definitions apply to cases proceeding under the Initial Discovery Protocols.

a. *Concerning.* The term "concerning" means referring to, describing, evidencing, or constituting.

b. *Document.* The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the terms "documents" and "electronically stored information" as used in F.R.C.P. 34(a).

c. *Identify (Documents).* When referring to documents, to "identify" means to give, to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author(s), according to the document; and (v) the person(s) to whom, according to the document, the document (or a copy) was to have been sent; or, alternatively, to produce the document.

d. *Identify (Persons).* When referring to natural persons, to "identify" means to give the person's: (i) full name; (ii) present or last known address and telephone number; (iii) present or last known place of employment; (iv) present or last known job title; and (v) relationship, if any, to the plaintiff or defendant. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**(3) Instructions.**

a. For this Initial Discovery, the relevant time period begins three years before the date of the adverse action, unless otherwise specified.

b. This Initial Discovery is not subject to objections except upon the grounds set3forth in F.R.C.P. 26(b)(2)(B).

c. If a partial or incomplete answer or production is provided, the responding party must state the reason that the answer or production is partial or incomplete.

d. This Initial Discovery is subject to F.R.C.P. 26(e) regarding supplementation and F.R.C.P. 26(g) regarding certification of responses.

e. This Initial Discovery is subject to F.R.C.P. 34(b)(2)(E) regarding form of production.

**PART 2: PRODUCTION BY PLAINTIFF**

**(1) Timing.**

a. The plaintiff's Initial Discovery will be provided within 30 days after the defendant has submitted a responsive pleading or motion, unless the court rules otherwise.

**(2) Documents that Plaintiff must produce to Defendant.**

a. All communications concerning the factual allegations or claims at issue in this lawsuit between the plaintiff and the defendant.

b. Claims, lawsuits, administrative charges, and complaints by the plaintiff that rely on any of the same factual allegations or claims as those at issue in this lawsuit.

c. Documents concerning the formation and termination, if any, of the employment relationship at issue in this lawsuit, irrespective of the relevant time period.

d. Documents concerning the terms and conditions of the employment relationship at issue in this lawsuit.

e. Diary, journal, and calendar entries maintained by the plaintiff concerning the factual allegations or claims at issue in this lawsuit.

f. The plaintiff's current resume(s).

g. Documents in the possession of the plaintiff concerning claims for unemployment benefits, unless production is prohibited by applicable law.

h. Documents concerning: (i) communications with potential employers; (ii) job search efforts; and (iii) offer(s) of employment, job description(s), and income and benefits of subsequent employment. The defendant may not contact or subpoena a prospective or current employer to discover information about the plaintiff's claims without first providing the plaintiff 30 days notice and an opportunity to file a motion for a protective order or a motion to quash such subpoena. If such a motion is filed, contact will not be initiated, or the subpoena will not be served until the motion is ruled upon.

i. Documents concerning the termination of any subsequent employment.

j. Any other document(s) upon which the plaintiff relies to support the plaintiff's claims.

**(3) Information that Plaintiff must produce to Defendant.**

a. Identify persons Plaintiff believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit, and a brief description of that knowledge.

b. Describe the categories of damages the plaintiff claims.

c. State whether the plaintiff has applied for disability benefits and/or social security disability benefits after the adverse action, whether any application has been granted, and the nature of the award, if any. Identify any document concerning any such application.

**PART 3: PRODUCTION BY DEFENDANT.**

**(1) Timing.**

a. The defendant's Initial Discovery must be provided within 30 days after the defendant has submitted a responsive pleading or motion, unless the court rules otherwise.

**(2) Documents that Defendant must produce to Plaintiff.**

a. All communications concerning the factual allegations or claims at issue in this lawsuit among or between:
   i. The plaintiff and the defendant;

  ii. The plaintiff's manager(s), and/or supervisor(s), and/or the defendant's human resources representative(s).

b. Responses to claims, lawsuits, administrative charges, and complaints by the plaintiff that rely upon any of the same factual allegations or claims as those at issue in this lawsuit.

c. Documents concerning the formation and termination, if any, of the employment relationship at issue in this lawsuit, irrespective of the relevant time period.

d. The plaintiff's personnel file, in any form, maintained by the defendant, including files concerning the plaintiff maintained by the plaintiff's supervisor(s), manager(s), or the defendant's human resources representative(s), irrespective of the relevant time period.

e. The plaintiff's performance evaluations and formal discipline.

f. Documents relied upon to make the employment decision(s) at issue in this lawsuit.

g. Workplace policies or guidelines relevant to the adverse action in effect at the time of the adverse action. Depending on the case, those may include policies or guidelines that address:
  i. Discipline;
  ii. Termination of employment;
  iii. Promotion;
  iv. Discrimination;
  v. Performance reviews or evaluations;
  vi. Misconduct;
  vii. Retaliation; and
  viii. Nature of the employment relationship.

h. The table of contents and index of any employee handbook, code of conduct, or policies and procedures manual in effect at the time of the adverse action.

i. Job description(s) for the position(s) that the plaintiff held.

j. Documents showing the plaintiff's compensation and benefits. Those normally include retirement plan benefits, fringe benefits, employee benefit summary plan descriptions, and summaries of compensation.

k. Agreements between the plaintiff and the defendant to waive jury trial rights or to arbitrate disputes.

l. Documents concerning investigation(s) of any complaint(s) about the plaintiff or made by the plaintiff, if relevant to the plaintiff's factual allegations or claims a tissue in this lawsuit and not otherwise privileged.

m. Documents in the possession of the defendant and/or the defendant's agent(s)concerning claims for unemployment benefits unless production is prohibited by applicable law.

n. Any other document(s) upon which the defendant relies to support the defenses, affirmative defenses, and counterclaims, including any other document(s)describing the reasons for the adverse action.

**(3) Information that Defendant must produce to Plaintiff.**

a. Identify the plaintiff's supervisor(s) and/or manager(s).

b. Identify person(s) presently known to the defendant who were involved in making the decision to take the adverse action.

c. Identify persons the defendant believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit, and a brief description of that knowledge.

d. State whether the plaintiff has applied for disability benefits and/or social security disability benefits after the adverse action. State whether the defendant has provided information to any third party concerning the application(s). Identify any documents concerning any such application or any such information provided to a third party.

Signed on March 23, 2021, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge

The Initial Discovery Protocols for Employment Cases Alleging Adverse Action are designed to achieve the goal of more efficient and targeted discovery. If a protective order will be entered in a case to which the Initial Discovery Protocols applies, immediate entry of the order will allow the parties to commence discovery without delay. In furtherance of that goal, the Employment Protocols Committee offers the following Model Protective Order. Recognizing that the decision to enter a protective order, as well as the parameters of any such order, rests within the Court's sound discretion and is subject to local practice, the following provisions are options from which the Court might select.

**MODEL PROTECTIVE ORDER**

It is hereby ordered by the Court that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1. ☐ Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "confidential information."

2. ☐ Unless ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3. ☐ In the event a party challenges another party's confidential designation, counsel must make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules.

4. ☐ Information or documents designated as "confidential" must not be disclosed to any person, except:

    a. ☐ The requesting party and counsel, including in-house counsel;

    b. ☐ Employees of such counsel assigned to and necessary to assist in the litigation;

    c. ☐ Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

d. ☐ Any person from whom testimony is taken or is to be taken in these actions, except that such a person may only be shown that Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information; and

e. ☐ The Court (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions.

5. ☐ Prior to disclosing or displaying the Confidential Information to any person, counsel must:

a. ☐ inform the person of the confidential nature of the information OR documents; and

b. ☐ inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. ☐ The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event the person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek relief from the Court.

7. ☐ The disclosure of a document or information without designating it as "confidential" does not constitute a waive the right to designate such document or information as Confidential Information provided that the material is designated pursuant to the procedures set forth herein no later than that latter of fourteen (14) days after the close of discovery or fourteen (14) days after the document or information's production. If so designated, the document or information must thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. ☐ All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, must be filed under seal to the extent permitted by law (including without limitation any applicable rules of court) and kept under seal until further order of the Court. To the extent the Court requires any further act by the parties as a precondition to the filing of documents underseal (beyond the submission of this Stipulation and Order Regarding Confidential Information), it is the obligation of the producing party of the documents to be filed with the Court to satisfy any such precondition. When possible, only confidential portions of filings with the Court are to be filed under seal.

9. ☐ At the conclusion of litigation, the Confidential Information and any copies thereof must be promptly (and in no event later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel are permitted to retain their working files on the condition that those files will remain confidential.

The foregoing is without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information, to object to the production of documents or information, to apply to the Court for an order compelling production of documents or information, or to seek modification of this Order. This Order may have been forced by either party and any violation may result in the imposition of sanctions by the Court.

Signed on ___________________________, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge

## EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled Mercado v. The Lincoln National Life Ins Co have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL − PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

__________________________________ DATED:

Signed in the presence of:

__________________________________

(Attorney)