**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **FRANCISCO MERCADO,** <br><br> **Plaintiff,** <br><br> **vs.** <br><br> **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** <br><br> **Defendant.** | **)** <br> **)** <br> **)** <br> **)** <br> **)** <br> **)** <br> **)** <br> **)** <br> **)** <br> **)** | **Case No. 4:21-cv-00738** |

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Francisco Mercado ("Plaintiff") and states as follows:

## I.
## PARTIES

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies the allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits the allegations contained in Paragraph 2 of the Complaint.

## II.
## JURISDICTION AND VENUE

3. Lincoln admits Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the DolEx Dollar Express, Inc. long term disability plan (the "LTD Plan), along with other damages and attorney's fees, but Lincoln denies that Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)) under the jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Lincoln specifically denies that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that venue of this action is proper in this Court and that Lincoln is a lawfully incorporated insurance company that lawfully conducts business in the State of Texas. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that it was properly served in this action. Lincoln is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 6 of the Complaint.

## III.
## STATEMENT OF FACTS

7. Lincoln admits that documents in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan contain information concerning Plaintiff's date of birth, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits it issued a Group Disability Income Policy (the "Policy") to DolEx Dollar Express, Inc. ("DolEx"), which Policy, at certain times, insured benefits paid by the LTD Plan. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits Plaintiff was, at certain times, employed by DolEx as a Building Maintenance Repairer. Lincoln admits that documentation pertaining to Plaintiff's job at DolEx and his occupation are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that documentation pertaining to Plaintiff's job at DolEx and his occupation are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, but Lincoln denies that Plaintiff is entitled to any such relief or recovery. Lincoln admits it issued the Policy to DolEx, which Policy, at certain times, insured benefits paid by the LTD Plan under the terms of the Policy. Lincoln admits Plaintiff was, at certain times, employed by DolEx and was, at certain times, a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits Plaintiff was, at certain times, employed by DolEx. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the short-term disability benefit plan ("STD Plan") sponsored by DolEx. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan,

and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits it issued the Policy to DolEx, which Policy, at certain times, insured benefits paid by the LTD Plan. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy

itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits that information regarding Plaintiff's education is reflected in the claim file regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the claim file itself as the best evidence of its contents. Otherwise, Lincoln is without sufficient knowledge to either admit or deny allegations concerning Plaintiff's education, and accordingly, denies the allegations contained in Paragraph 28 of the Complaint.

29. Lincoln admits that information regarding Plaintiff's education is reflected in the claim file regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the claim file itself as the best evidence of its contents. Otherwise, Lincoln is without sufficient knowledge to either admit or deny allegations concerning Plaintiff's education, and accordingly, denies the allegations contained in Paragraph 29 of the Complaint.

30. Lincoln admits that information regarding Plaintiff's education is reflected in the claim file regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits that information regarding Plaintiff's work history is reflected in the claim file regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the claim file itself as the best evidence of its contents. Otherwise, Lincoln is

without sufficient knowledge to either admit or deny allegations concerning Plaintiff's work history, and accordingly, denies the allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits that information regarding Plaintiff's work history is reflected in the claim file regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the claim file itself as the best evidence of its contents. Otherwise, Lincoln is without sufficient knowledge to either admit or deny allegations concerning Plaintiff's work history, and accordingly, denies the allegations contained in Paragraph 32 of the Complaint.

33. Lincoln admits that information regarding Plaintiff's work history is reflected in the claim file regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln is without sufficient knowledge to either admit or deny allegations concerning Plaintiff's employment history, marital status, or any businesses that Plaintiff may have owned or operated, and accordingly, denies the allegations contained in Paragraph 33 of the Complaint.

34. Lincoln is without sufficient knowledge to either admit or deny allegations concerning Plaintiff's marital status, or any businesses that Plaintiff may have owned or operated, and accordingly, denies these allegations. Lincoln admits Plaintiff was, at certain times, employed by DolEx as a Building Maintenance Repairer. Lincoln admits that documentation pertaining to Plaintiff's job at DolEx and his occupation are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Lincoln admits Plaintiff was, at certain times, employed by DolEx as a Building Maintenance Repairer. Lincoln admits that certain medical treatment and complaints of Plaintiff

are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the STD Plan. Lincoln admits Plaintiff's last day of employment with DolEx was on or about September 11, 2015. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. Lincoln admits it sent a letter to Plaintiff dated November 30, 2017, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Lincoln denies all allegations contained in Paragraph 40 of the Complaint.

41. Lincoln denies all allegations contained in Paragraph 41 of the Complaint.

42. Lincoln denies all allegations contained in Paragraph 42 of the Complaint.

43. Lincoln denies all allegations contained in Paragraph 43 of the Complaint.

44. Lincoln admits it received a first level appeal of the denial of Plaintiff's claim for further benefits from the LTD Plan, and Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln admits it sent a letter to Plaintiff dated November 30, 2017, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. Lincoln admits it received a first level appeal of the denial of Plaintiff's claim for further benefits from the LTD Plan, along with additional documentation, and Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. Lincoln admits it received a first level appeal of the denial of Plaintiff's claim for further benefits from the LTD Plan, and Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 48 of the Complaint.

49. Lincoln admits it received a first level appeal of the denial of Plaintiff's claim for further benefits from the LTD Plan, along with additional documentation, and Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. Lincoln denies all allegations contained in Paragraph 50 of the Complaint.

51. Lincoln admits it sent a letter dated October 3, 2018, to an attorney representing Plaintiff at the time, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 51 of the Complaint.

52. Lincoln admits it received a second level appeal of the denial of Plaintiff's claim for further benefits from the LTD Plan, along with additional documentation, and Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 52 of the Complaint.

53. Lincoln admits it received a second level appeal of the denial of Plaintiff's claim for further benefits from the LTD Plan, along with additional documentation, and Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 53 of the Complaint.

54. Lincoln admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 54 of the Complaint.

55. Lincoln admits it received a second level appeal of the denial of Plaintiff's claim for further benefits from the LTD Plan, along with additional documentation, and Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 55 of the Complaint.

56. Lincoln admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 56 of the Complaint.

57. Lincoln admits it sent a letter dated October 3, 2018, to an attorney representing Plaintiff at the time, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 57 of the Complaint.

58. Lincoln admits it sent a letter dated June 10, 2019, to an attorney representing Plaintiff at the time, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 58 of the Complaint.

59. Lincoln admits it received a second level appeal of the denial of Plaintiff's claim for further benefits from the LTD Plan, along with additional documentation, and Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 59 of the Complaint.

60. Lincoln admits it received a second level appeal of the denial of Plaintiff's claim for further benefits from the LTD Plan, along with additional documentation, and Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 60 of the Complaint.

61. Lincoln admits it sent a letter dated June 10, 2019, to an attorney representing Plaintiff at the time, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 61 of the Complaint.

62. Lincoln admits it sent a letter dated June 10, 2019, to an attorney representing Plaintiff at the time, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 62 of the Complaint.

63. Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 63 of the Complaint.

64. Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 64 of the Complaint.

65. Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 65 of the Complaint.

66. Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 66 of the Complaint.

67. Lincoln denies all allegations contained in Paragraph 67 of the Complaint.

68. Lincoln admits it received a letter from Plaintiff's counsel dated August 10, 2020, along with additional documentation, but Lincoln denies that the letter and attachments thereto are part of the administrative record upon which Lincoln's decision regarding Plaintiff's claim for benefits from the LTD Plan was made. Lincoln denies all remaining allegations contained in Paragraph 68 of the Complaint.

69. Lincoln admits it received first and second level appeals of the denial of Plaintiff's claim for further benefits from the LTD Plan, along with additional documentation, and Lincoln refers to the letters and documents themselves as the best evidence of their contents. Lincoln admits it received a letter from Plaintiff's counsel dated August 10, 2020, along with additional documentation, but Lincoln denies that the August 10, 2020, letter and attachments thereto are part of the administrative record upon which Lincoln's decision regarding Plaintiff's claim for benefits from the LTD Plan was made. Lincoln denies all remaining allegations contained in Paragraph 69 of the Complaint.

70. To the extent that Paragraph 70 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 70 of the Complaint.

71. Lincoln admits it sent a letter to Plaintiff's counsel dated September 17, 2020, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 71 of the Complaint.

72. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, and Lincoln denies Plaintiff is entitled to any such relief or recovery. To the extent that Plaintiff is relying on documents that are not contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, Lincoln states that the Court's review of Lincoln's decision is limited to the documents in Lincoln's possession at the time it rendered the final appeal decision on June 10, 2019. Lincoln specifically denies that the August 10, 2020, letter and attachments thereto, are part of the administrative record upon which Lincoln's decision regarding Plaintiff's claim for benefits from the LTD Plan was made and denies all remaining allegations contained in Paragraph 72 of the Complaint.

73. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contains in Paragraph 73 of the Complaint.

## IV.
## CAUSE OF ACTION & CLAIMS FOR RELIEF

74. Lincoln admits that Plaintiff's claims are governed by ERISA. Lincoln admits that DolEx sponsored the LTD Plan to provide long term disability benefits to certain of its employees. Lincoln admits it issued the Policy to DolEx, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln admits it was the Claims Administrator of claims for benefits from the

LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 74 of the Complaint.

75. Lincoln admits it was the Claims Administrator of claims for benefits from the LTD Plan under the Policy. Lincoln further admits that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and Lincoln denies all remaining allegations contained in Paragraph 75 of the Complaint.

76. Lincoln denies all allegations contained in Paragraph 76 of the Complaint.

77. Lincoln denies all allegations contained in Paragraph 77 of the Complaint.

78. Lincoln denies all allegations contained in Paragraph 78 of the Complaint.

79. Lincoln admits that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln admits it sent a letter to Plaintiff dated November 30, 2017, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and Lincoln denies all remaining allegations contained in Paragraph 79 of the Complaint.

80. Lincoln admits that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and Lincoln denies all remaining allegations contained in Paragraph 80 of the Complaint.

81. Lincoln admits it issued the Policy to DolEx, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln admits it was the Claims Administrator of claims for benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 81 of the Complaint.

82. Lincoln admits that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and Lincoln denies all remaining allegations contained in Paragraph 82 of the Complaint.

## V.
## STANDARD OF REVIEW

83. To the extent that Paragraph 83 contains legal conclusions, Lincoln is not required to answer. Lincoln admits the Policy includes language pertaining to discretionary authority, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 83 of the Complaint.

84. To the extent that Paragraph 84 contains legal conclusions, Lincoln is not required to answer. Lincoln admits the Policy includes language pertaining to discretionary authority, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 84 of the Complaint.

85. Lincoln denies all allegations contained in Paragraph 85 of the Complaint.

86. To the extent that Paragraph 86 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 86 of the Complaint.

## VI.
## REQUEST FOR PREJUDGMENT INTEREST & AN ACCOUNTING

87. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, along with interest, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 87 of the Complaint.

88. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, along with interest, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 88 of the Complaint.

## VII.
## CLAIM FOR ATTORNEY'S FEES AND COSTS

89. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, along with recovery of attorneys' fees and costs, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 89 of the Complaint.

## VIII.
## PRAYER

90. Lincoln denies all allegations contained in the Prayer of the Complaint and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which requires offset and/or repayment of any award of other earnings or benefits, including any disability or retirement benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims for prejudgment interest under state law are preempted by ERISA.

6 Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

7. The additional documents submitted by Plaintiff's counsel after the June 10, 2019, decision on the second and final appeal are not part of the administrative record because the administrative record closed as of June 10, 2019, and because such documents were not submitted in time for their fair consideration in relation to Plaintiff claim.

8. Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 7th day of April 2021.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

James C. Plummer, Esq.
Email: jplummer@bergplummer.com

April 7, 2021 — Date

/s/ Iwana Rademaekers
Iwana Rademaekers